# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STONEY WILLIAM AULT,**

    **Plaintiff,**

**v.**                                                        **CIVIL ACTION NO. 2:10cv36**
                                                               **(Judge Maxwell)**

**WEXFORD HEALTH SOURCES, Inc., et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. Procedural History

On March 17, 2010, Stoney Ault, who was then incarcerated at the St. Mary's Correctional Center, filed a *po se* complaint regarding medical care he received at the Huttonsville Correctional Center. On March 18, 2010, the undersigned entered an order granting the plaintiff leave to proceed *in forma pauperis* and requiring him to pay an initial partial filing fee within twenty-eight (28) days. On April 15, 2010, the plaintiff filed a Motion seeking an extension of time within which to pay the initial partial filing fee. That motion was granted, and the plaintiff was afforded an additional twenty-one (21) days in which to pay the required fee. On April 27, 2010, the court was advised that the plaintiff had died on April 22, 2010, survived by his wife, Margaret Ault.[1]

Because the plaintiff's death, in and if itself, did not render this matter moot, the undersigned entered an Order on June 8, 2010, directing the petitioner's widow to file a notice within twenty-eight

---

[1] The notification was in the form of an obituary printed in the Inter-Mountain on April 21, 2010. Thereafter, the *pro se* law clerk confirmed with The Division of Corrections movement coordinator that the plaintiff had, in fact, died on April 19, 2010 while incarcerated at the Saint Marys Correctional Center.

days of entry of the Order if she intended to prosecute this case on behalf of the plaintiff's estate. In addition, if Ms. Ault desired to prosecute the case on behalf of the plaintiff's estate, she was further directed to submit the required $350.00 filing fee or an Application to Proceed Without Prepayment of Fees and Affidavit. The Order was sent to Ms. Ault by certified mail, return receipt requested. Ms. Ault signed the receipt card on June 9, 2010.

It now has been thirty-five (35) days since the Order was entered and thirty-four days since Ms. Ault signed for its receipt. The undersigned has reviewed the record in this matter and determined that Ms. Ault has made no reply to the Order.

## II. RECOMMENDATION

In consideration of the foregoing, it is the undersigned's recommendation that the complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to Ms. Ault's right to file a separate civil action on behalf of herself and/or the estate of her late husband, Stoney Ault**.**

Within fourteen (14) days after being served with a copy of this Recommendation, Ms. Ault may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Margaret

Ault, HC33, Box 3541, Petersburg, WV 26847[2] by certified mail, return receipt requested.

DATED: July 13, 2010.

        /s/ James E. Seibert
        JAMES E. SEIBERT
        UNITED STATES MAGISTRATE JUDGE

---

[2] The June 8, 2010 order was sent to P.O. Box 752, Petersburg, WV 26847. However, Ms. Ault noted on the return receipt that her delivery address is HC33, Box 3541 in Petersburg.